# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. TUMPA, | Civil Action No. 2:17-cv-00625 |
| Plaintiff, | Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| IOC-PA-US-RSM ENTRPRISES, | ECF No. 49 |
| Defendant. | |

## MEMORANDUM ORDER ON DEFENDANT'S
## MOTION TO STRIKE AFFIDAVITS OF CMAR, DEMKO & RUSNOCK

Currently pending before the Court is Defendant's Motion to Strike the Affidavits of John E. Cmar, Dave Demko and Frank Rusnock (ECF No. 49) filed in support of Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (ECF No. 42). Defendant asks the Court to strike these affidavits in their entirety because they contain merely inadmissible conclusory and opinion statements not based on personal knowledge, in violation of Rule 56(c)(4) of the Federal Rules of Civil Procedure.[1] In addition, Defendant submits that it was deprived of its opportunity to timely depose the affiants to adequately probe their assertions in these affidavits, due to Plaintiff's late disclosure (i.e., after the close of discovery) of the affidavits.

---

[1] Rule 56(c)(4) provides: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

In response, Plaintiff argues that Defendant was well aware that the affiants may be providing testimony in this case as early as December 4, 2017, as they were identified in responses to interrogatories as individuals who may have discoverable information about the subject matter at hand, and were identified as possible witnesses at trial, and yet, Defendant chose not to depose them. As to the requirements of Rule 56(c)(4) for affidavits, Plaintiff points out that each affiant has stated at the beginning of the affidavit that the statements are "true and accurate to the best of *my knowledge*, information and belief[,]" and therefore, are based on the affiants' personal knowledge. Moreover, Plaintiff submits that the statements in the affidavit establish each affiant's relationship or position to Plaintiff such that their statements were based on personal observations and are readily susceptible of proof through oral testimony.² Finally, Plaintiff argues that the affiants' statements are factual in nature and do not consist of inadmissible conclusions or opinions.

After reviewing the parties' submissions, the Court finds that the affidavits of Cmar, Demko, and Rusnock are based on personal knowledge as the statements contained in the affidavits establish their personal knowledge of the matters stated. "Evidence to prove personal knowledge may consist of the witness's own testimony. " FED. R. EVID. 602. If the jury could reasonably find that the witness perceived the event, the witness's testimony should be admitted. *United States v. Gerard*, 507 F. App'x 218,

---

² Plaintiff points out that he listed Cmar, Demko and Rusnock as possible witnesses at trial in his responses to Defendant's First Set of Interrogatories, Interrogatory No. 5, and therefore, under Rule 56(c)(4), their statements are capable of being admissible.

222 (3d Cir. 2012) (citation omitted). In his affidavit, Mr. Cmar states that both he and Plaintiff were dealers at Lady Luck Casino for a period of time in 2013 and as such, they trained and worked together. For the most part, Cmar's statements are based on personal observations while he worked as a dealer. Mr. Rusnock's statements are based on what he observed during his supervision of Plaintiff, as well as his observations of other employees whom he supervised, from 2013 through June 2016, as the Duel-Rate Supervisor of Lady Luck Casino. Likewise, Mr. Demko's statements are based on his observations during his supervision of Plaintiff, as well as his observations of other employees whom he supervised, during that same period, as the Assistant Shift Manager of Lady Luck Casino. A jury could reasonably find that Mr. Demko possessed knowledge of mistakes made by specifically identified employees and the disciplinary action, if any, imposed on those employees, as a result of his supervision of Plaintiff and the other identified employees. Therefore, the Court finds no merit to Defendant's argument that the affidavits should be stricken in their entirety because they are not based on personal knowledge.

As to the admissibility of the affiants' statements, for the most part, the statements are based on the affiants' personal observations. However, to the extent that the affiants' statements are based on belief, or on information and belief, they may not be considered in support of or in opposition to summary judgment. *APT Pittsburgh Ltd. P'ship v. Lower Yoder Twp.*, 111 F.Supp.2d 664, 669 (W.D.Pa. 2000) (citing 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2738, at 350-56 (1998)). Moreover, "[a]n affidavit that is essentially conclusory and lacking in specific

3

facts is inadequate . . .." *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir.1985) (internal quotation marks omitted) (quoting *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 789-90 (3d Cir.1978)).

As to the admissibility of Mr. Cmar's affidavit, the statement in paragraph 13 is based solely upon his "belief" and, as such, may not be considered in opposition to summary judgment. Therefore, the Court will strike paragraph 13 of Mr. Cmar's affidavit. Similarly, there does not appear to be any foundation for the statements in paragraphs 9 and 11 other than speculation on Mr. Cmar's part, and therefore, the Court will strike paragraphs 9 and 11 of Mr. Cmar's affidavit. In addition, paragraphs 1 and 3 will be stricken as not relating to the matters that are before the Court in Defendant's summary judgment motion.

Mr. Cmar's statements in paragraphs 5 through 8 and 12 appear to be based on his personal knowledge and perceptions of Plaintiff, and therefore, are likely admissible as opinion testimony. With regard to opinion testimony, the court of appeals in *Paton v. La Prade* opined:

> Defendants attack the experts' affidavits as worthless because not based on personal knowledge as required by Federal Rule of Civil Procedure 56(e). The policy behind Rule 56(e) is "to allow the affidavit to contain all evidentiary matters which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimony." 6 J. Moore, Federal Practice P 56.22(1), at 2812 (2d ed. 1974). Opinion testimony that would be admissible at the actual trial may be submitted in an affidavit. *Id.* at 2812-13. . . . More importantly where, as here, the affidavits are submitted to oppose the grant of summary judgment, opinion evidence is appropriately considered to support the existence of a disputed issue of fact.

*Paton v. La Prade*, 524 F.2d 862, 871 (3d Cir. 1975).  Pursuant to Federal Rule of Evidence 701, opinion testimony from a lay witness is admissible if it is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determine a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701.  The Court finds that the statements in paragraphs 5 through 8 and 12 appear to be rationally related to Mr. Cmar's observations and perceptions as a dealer at Lady Luck Casino, are helpful to determine an issue in fact, and do not constitute expert testimony.  Therefore, these statements would likely be admissible at trial and may be considered in opposing summary judgment.  The remaining paragraphs—2, 4, 10 and 12—are factual statements based on Cmar's personal knowledge and observations and would be admissible.

As to the admissibility of Mr. Demko's affidavit, paragraphs 27 and 30 are based on "belief," and therefore, may not be considered in support of Plaintiff's opposition to summary judgment.  The statement in paragraph 16 lacks any foundation, and the one in paragraph 11 is vague.  In addition, paragraph 26 should be stricken as conclusory opinion testimony on an ultimate issue of fact.  *Javornick v. United Parcel Service, Inc.*, Civ. A. No. 07-0195, 2008 WL 4462280, at *3 (W.D.Pa. Sept. 29, 2008).  As such, the Court will strike paragraphs 11, 16, 26, 27 and 30.  On the other hand, paragraphs 4 through 6 and 25 of Mr. Demko's affidavit would likely be admissible at trial as they constitute his perception of Plaintiff and other employees based on his observations and professional knowledge/skills as Assistant Shift Manager, and thus, would likely be admissible

5

under Rule 701. Moreover, while Mr. Demko's statements in paragraphs 7, 12, and 20 are somewhat conclusory, Demko supports those statements with specific examples of financial infractions and describes the discipline, if any, given to specifically identified employees—*see* paragraphs 10, 13-14, 17-19, 21-24. The Court does not find these statements to be vague or devoid of factual support.[3] As to paragraphs 8 and 9, a jury could reasonably find that Demko possessed personal knowledge of the IOC's enforcement of its policies based on his position as Assistant Shift Manager, and on the fact that he was aware of the number of points needed to terminate a dealer for financial mistakes—*see* Demko Aff., ¶ 10. Therefore, paragraphs 8 and 9 would likely be admissible. The remaining paragraphs—1 through 3, 15, 28 and 29—are factual statements based on Demko's personal knowledge and observations, and would also be admissible.

As to the admissibility of Mr. Rusnock's affidavit, paragraphs 2 through 4[4] are not based on "beliefs" as Defendant contends, but rather are based on Rusnock's observations of Plaintiff as his supervisor. Similarly, paragraph 14 would likely be admissible as it constitutes his perception of an employee based on his supervision of her. Moreover, while Mr. Rusnock's statements in paragraphs 5 and 10 are somewhat

---

[3] Demko's statements are distinguishable from those stricken in *Javornick*, 2008 WL 4462280, at *3, because Demko does not offer any opinion as to whether Plaintiff or the other employees under his supervision should have received different disciplinary treatment; rather, Demko describes the infraction and what discipline, if any, the particular employee received.

[4] Rusnock's affidavit contains two paragraph fours. Defendant does not distinguish between the two, and neither will the Court.

vague and/or conclusory, he supports those statements with specific examples of financial infractions and describes the discipline, if any, given to specifically identified employees—*see* paragraphs 6 through 9, 11 through 13, 15 and 16.   As such, the Court does not find these statements to be void of factual support.[5]  The remaining paragraphs—1,2,18, 19 and 21—are factual statements based on Rusnock's personal knowledge and observations, and thus, would also be admissible.

On the other hand, paragraph 22 is based on Mr. Rusnock's "belief," and therefore, may not be considered in support of Plaintiff's opposition to summary judgment.  Moreover, the statement in paragraph 20 lacks any foundation, and paragraph 17 should be stricken as conclusory opinion testimony on an ultimate issue of fact. *Javornick*, 2008 WL 4462280, at *3.   Accordingly, the Court will strike paragraphs 17, 20 and 22 of Mr. Rusnock's affidavit.

Finally, the Court does not find any merit to Defendant's argument that it was deprived of an opportunity to timely depose the affiants due to the late disclosure of the affidavits.  Plaintiff identified the affiants as potential witnesses in his responses to Defendant's First Set of Interrogatories on December 4, 2017—*see* [ECF No. 39-1 at 199-200](#)—and discovery remained open until 3/27/18, almost four months after receiving Plaintiff's responses identifying Cmar, Demko and Rusnock as potential witnesses. Defendant could have deposed the affiants but chose not to do so.  In addition, Defendant could have requested an extension of the discovery deadline upon receiving a

---

[5] *See* note 3, *supra*.

copy of the affidavits on 3/26/18, but chose not to do so. As such, any prejudice to Defendant is of its own making.

In consideration of the above findings, the Court issues the following Order:

**AND NOW,** this 14th day of August, 2018, **IT IS HEREBY ORDERED** that Defendant's Motion to Strike Affidavits of John E. Cmar, Dave Demko and Frank Rusnock (ECF No. 49) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. As to the Affidavit of John E. Cmar, paragraphs 1, 3, 9, 11, and 13 are hereby stricken and shall not be considered in support of Plaintiff's opposition to the motion for summary judgment. Defendant's motion to strike is denied as to the remaining paragraphs of Cmar's affidavit.

2. As to the Affidavit of Dave Demko, paragraphs 11, 16, 26, 27 and 30 are hereby stricken and shall not be considered in support of Plaintiff's opposition to the motion for summary judgment. Defendant's motion to strike is denied as to the remaining paragraphs of Demko's affidavit.

3. As to the Affidavit of Frank Rusnock, paragraphs 17, 20 and 22 are hereby stricken and shall not be considered in support of Plaintiff's opposition to the motion for summary judgment. Defendant's motion to strike is denied as to the remaining paragraphs of Rusnock's affidavit.

BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge